DARNBOROUGH v. JOSEPH BENN & SONS, Inc.

(Circuit Court of Appeals, First Circuit. May 31, 1911.)

No. 910.

1. ALIENS (§ 56*)—IMMIGRATION—SOLICITATION—PENALTIES—STATUTES—CONSTRUCTION.

Immigration Act March 3, 1903, c. 1012, § 4, 32 Stat. 1214, makes it unlawful to prepay the transportation or in any way assist or encourage the importation or immigration of any alien into the United States, in pursuance of any offer, solicitation, promise, or agreement made prior to the importation of such alien to perform labor or service in the United States, and section 5 subjects persons, partnerships, or corporations guilty of violating section 4 to a penalty in case they knowingly assist, encourage, or solicit the migration or importation of an alien into the United States to perform services, etc. *Held,* that a person is not liable for penalty under such sections, unless, in addition to assisting, encouraging, or soliciting. it is also charged that the immigration is "by reason" of an offer, solicitation, promise, or agreement to or with him, or that the immigration has been that the immigrant may perform labor or service by reason of an offer, solicitation, promise, or agreement to or with him.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 113–116; Dec. Dig. § 56.*]

2. ALIENS (§ 56*)—IMMIGRATION—UNLAWFUL SOLICITATION—PENALTIES—PAYMENT OF TRANSPORTATION.

Payment of an alien's transportation to enable him to come to the United States, though one of the acts declared unlawful ·by Immigration·Act March 3, 1903, c. 1012, § 4, 32 Stat. 1214, is not an act for which a penalty is incurred under section 5 unless it amounts to an assistance, encouragement, or solicitation of the alien's immigration with

---

knowledge, etc., or in order that the alien may perform labor or service by reason of an offer, solicitation, promise or agreement to or with him.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 113–116; Dec. Dig. § 56.*]

3. ALIENS (§ 56*)—IMMIGRATION—ILLEGAL ASSISTANCE—PENALTY—STATUTES.

Immigration Act March 3, 1903, c. 1012, § 4, 32 Stat. 1214, makes it unlawful to assist or encourage the importation or immigration of an alien into the United States pursuant to an offer, solicitation, promise, or agreement made prior to importation "of such alien" to perform labor or service of any kind in the United States, and section 5 imposes a penalty of $1,000 on any person who knowingly assists, encourages, or solicits the immigration or importation of an alien into the United States to perform labor or service of any kind by reason of any offer, solicitation, or agreement "to or with such alien." *Held*, that where the immigration of an alien minor was procured by reason of an agreement with him through his father who was the owner of his services, no promises or offers save those made to him "through his father" as the person entitled to his services being shown, his immigration was not obtained by means of any promise or agreement "with him," and was therefore not a violation of the statute.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 113–116; Dec. Dig. § 56.*

Importation of contract labor, see note to United States v. Parsons, 66 C. C. A. 133.]

In Error to the Circuit Court of the United States for the District of Rhode Island.

Action by Thomas Darnborough against Joseph Benn & Sons, Incorporated. From a judgment sustaining a demurrer to the declaration, plaintiff brings error. Affirmed.

A. B. Crafts (T. F. Farrell, on the brief), for plaintiff in error.
Cyrus M. Van. Slyck, for defendant in error.

Before COLT, Circuit Judge, and ALDRICH and DODGE, District Judges.

DODGE, District Judge. The plaintiff's declaration, which claims a penalty of $1,000 under section 5 of the immigration act of 1903 (32 Stat. 1214), was held insufficient on demurrer, and of this the plaintiff complains here as error.

Section 4 of the act referred to, which has to be read in connection with section 5, makes it unlawful—

"to prepay the transportation or in any way to assist or encourage the importation or migration of any alien into the United States, in pursuance of any offer, solicitation, promise, or agreement, parole or special, expressed or implied, made previous to the importation of such alien to perform labor or service of any kind, skilled or unskilled, in the United States."

Section 4 provides no penalty for any of the acts which it declares "unlawful." Section 5 subjects persons, partnerships, or corporations guilty of violating the provisions of section 4 to a penalty. The penalty, however, is not attached to every violation of section 4, without qualification, but to every violation thereof—

"by knowingly assisting, encouraging or soliciting the migration or importation of any alien to the United States to perform labor or service of any

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

kind by reason of any offer, solicitation, promise or agreement, express or implied, parole or special, to or with such alien."

[1] The defendant, therefore, is not charged in the declaration with any violation of section 4 for which a penalty can be recovered, unless, in addition to the charge that an alien's immigration has been assisted, encouraged, or solicited, there is also a charge either that the immigration was by reason of an offer, solicitation, promise, or agreement to or with him, or that the immigration was in order that he might perform labor or service by reason of an offer, solicitation, promise, or agreement to or with him. In which of these two possible ways the section is to be read is not clear, and for the purposes of this case it is not necessary to determine.

The declaration has two counts. In each count the charge is made that the defendant knowingly prepaid the transportation into the United States of one Herbert Darnborough, alleged to have been at the time an alien and an unskilled laborer. The transportation prepaid according to the first count was the transportation of the plaintiff himself (Thomas Darnborough) and of his three oldest minor children, Herbert Darnborough being one of them. The transportation prepaid according to the second count was that of said Herbert only.

[2] Prepayment of such an alien's transportation is one of the acts declared unlawful by section 4, but in and of itself it is not one of the acts which incurs a penalty according to section 5. It incurs no penalty under section 5 unless it amounts to assistance, encouragement, or solicitation of the alien's migration, with knowledge, and answering the description given in section 5.

[3] Each of the two counts, however, in addition to the prepayment of transportation, charges the defendant with knowingly assisting, encouraging, or soliciting Herbert Darnborough's migration. The only difference between the counts here material is that in the first it is the migration of the entire Darnborough family, including with Herbert the plaintiff himself, his wife, and a number of other children, which is referred to; while in the second count it is Herbert's migration alone which is referred to. The question presented is whether or not assistance, encouragement, or solicitation of the kind or under the circumstances described in section 5 has been sufficiently charged. Each count alleges that Herbert Darnborough's migration and the labor or service to perform which he migrated were by reason of an "offer, express promise and agreement" made to and with him "by and through the plaintiff, then being the father and agent of said Herbert Darnborough" and entitled to his services, to perform certain labor or service described, upon certain considerations or inducements set forth, for the defendant in the United States. Each count alleges the actual making of a contract by the defendant, for the performance of such labor and service upon the terms offered, with the plaintiff as Herbert's father and entitled to his services; and each count alleges Herbert's actual migration "in pursuance of his contract" and by reason of the "assistance, encouragement, agreement and solicitation" charged; also the actual performance by him thereafter of unskilled labor or service in pursuance of the contract.

We agree with the learned judge who sustained the demurrer that if Herbert's migration or the labor he was to perform were by reason of a contract or agreement with him through his father as the owner of his services, they were not by reason of a contract or agreement with him such as section 5 describes in the words, "any * * * agreement, express or implied, parole or special * * * with such alien." If Herbert's father had the right to contract for his services, as the declaration states, he himself had no such right. There could be no agreement "with such alien" for his services in such a case, either directly or "through his father." There could be only a contract with his father.

It is contended, however, that, even though Herbert's migration or the labor he migrated to perform do not appear by the declaration to have been by reason of an agreement with him, they do appear to have been by reason of promises or offers to him sufficiently to bring the case within the language of section 5. No other offers or promises have been anywhere alleged, save those alleged to have been made to him "through his father," as the person entitled to his services. And neither his migration nor the labor referred to can properly be said to have been "by reason of" any offer or promise to him unless it was an offer or promise which he was free to accept or reject. The allegations of the declaration negative the possibility of any such offer or promise having been made.

To a declaration for a penalty like this, and to the statute under which the penalty is claimed, the strictest rules of construction are applicable; provided, however, that the intention of Congress as found "in the language actually used, interpreted according to its fair and obvious meaning," is not to be defeated. It is not permitted to courts in this class of cases "to depart from the settled meaning of words and phrases in order to bring persons not named or distinctly described within the supposed purpose of the statute." U. S. v. Harris, 177 U. S. 305, 309, 20 Sup. Ct. 609, 44 L. Ed. 780; Johnson v. Southern Pacific Co., 196 U. S. 1, 17, 25 Sup. Ct. 158, 49 L. Ed. 363. Upon these principles we think the demurrer was rightly sustained.

The judgment of the Circuit Court is affirmed, and the defendant in error is to recover his costs of appeal.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes